Filed
7/21/2016 9:27:04 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVT001974D1

NO. _____

| | | |
|---|---|---|
| ISABEL LARA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| NBM TRANSPORT, LLC AND | § | |
| MAZHID N. MAMEDOV | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## APPLICATION FOP TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Isabel Lara, hereinafter referred to as Plaintiff, complaining of NBM Transport, LLC and Mazhid N. Mamedov, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, Rule 190.4.

2. Plaintiff is a resident citizen of Laredo, Webb County, Texas.

3. Defendant, NBM Transport, LLC, is a Connecticut limited liability company, and does not maintain a registered agent for service in the State of Texas. Therefore, this Defendant may be served with process by forwarding citation to the Secretary of State for the State of Texas, 1019 Brazos Street, Austin, Texas 78701, pursuant to Texas Civil Practice & Remedies Code Ann., § 17.044, who should then forward the citation to the Defendant's principal place of business, to-wit: NBM Transport, LLC, 342 Maple St., Apt. D, Wethersfield, Connecticut 06109.

4. Defendant, Mazhid N. Mamedov, is an individual resident and citizen of Connecticut and was involved in a collision while operating a motor vehicle in the State of Texas. As such under the Texas Long-Arm Jurisdiction over nonresident Motor Vehicle

EXHIBIT A

Operator found in V.T.C.A., Civil Practice & Remedies Code, Chapter 17, Subchapter D § 17.061, 17.062, 17.063 and 17.064.  Under these circumstances, The Chairman of the Texas Transportation Commission is an agent for service of process on Defendant, Mazhid N. Mamedov.  Furthermore, the cause of action alleged herein arises out of acts and omissions of Mazhid N. Mamedov occurring in the State of Texas.  Mazhid N. Mamedov may be served with service of process by serving The Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.  The Chairman of the Texas Transportation Commission shall mail to the nonresident a copy of the process and notice that the process has been served on the Chairman by registered mail, or by certified mail, return receipt requested, with postage prepaid, to Mazhid N. Mamedov, 342 Maple St., Apt. D, Wethersfield, Connecticut 06109.

5. This Court has venue of this case in that the incident made the basis of this lawsuit and the acts and/or omissions that caused this incident occurred within the territorial limits of Webb County, Texas.

6. On or about the 9th day of May, 2016, your Plaintiff, Isabel Lara, was operating her vehicle in Laredo, Webb County, Texas.  An 18-wheeler rig Commercial Motor Vehicle (CMV) was being operated by Defendant, Mazhid N. Mamedov.  It is believed that the CMV operated by Defendant, Mazhid N. Mamedov, was owned by the Defendants, NBM Transport, LLC and/or Mazhid N. Mamedov.  It is further believed that at all times material hereto, the Defendant, Mazhid N. Mamedov, was operating the CMV as an owner, employee and/or statutory employee of and within the course and scope of his employment and/or in the furtherance of the business affairs of the Defendant, NBM Transport, LLC.  Defendant, NBM Transport, LLC, is liable and responsible for the

negligent acts and omissions of Defendant, Mazhid N. Mamedov, and for Plaintiff's injuries and damages pursuant to the principle of vicarious liability and respondeat superior. The incident made the basis of this lawsuit and the injuries and damages sustained by your Plaintiff were proximately caused from the events in question and from the negligent acts and/or omissions of the Defendants, jointly and severally. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendant(s) and not Plaintiff(s). However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff(s) reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. At the time and on the occasion in question, the Defendant, Mazhid N. Mamedov, was negligent in the operation of the vehicle he was driving in one or more of the following particulars:

   a) Failure to keep a proper lookout;

   b) Failure to control speed;

   c) Failure to timely apply brakes;

   d) Failure to yield right-of-way;

   e) Failure to control his vehicle to avoid a collision;

   f) Failure to stop and not enter an intersection on a red traffic signal;

   g) Distracted driving; and

   g) Violations of applicable provisions of the Federal and State Federal Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment (negligence per se).

Such acts and/or omissions, singularly or in combination, constitute negligence and such negligence and negligence per se, as applicable, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff.  Discovery is at its infancy in this case.  Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff.  However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations.  Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. Plaintiff also alleges that Defendant, NBM Transport, LLC, committed acts and/or omissions of negligent entrustment and/or negligence in providing the means for Mazhid N. Mamedov to be entrusted and/or provided the motor vehicle in question to an unlicensed, incompetent, unsafe, dangerous or reckless driver, such negligence, being a proximate cause of the collision and of the injuries and damages suffered by Plaintiff.  Discovery is at its infancy in this case.  Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff.  However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations.  Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

9. As a result of the acts and/or omissions that caused the injuries and damages referenced above, your Plaintiff, Isabel Lara, alleges that she sustained physical injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the

future and she therefore sues in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

10.     The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

11.     Plaintiff demands a trial by jury on this case.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

12.     As referenced above, the incident made the basis of this lawsuit involves a motor vehicle accident that caused injuries and damages to your Plaintiff.  Material evidence exists that will lead to the ability to reconstruct or recreate the incident in question.  The material evidence is in the form of the tractor trailer being driven by the Defendant, Mazhid N. Mamedov, identified as a 2016 Volvo VNL6 Tractor, License No. CT 57312-A, VIN #4V4NC9EJ2GN921818 and a 2015 Van Guard trailer, License No. ME 20TLR92801, VIN #5V8VC5328GM603656; the component parts and accessories of the tractor and trailer; all items contained in the tractor; all photographs, video and other photographic images of the above items; and all ECM and all other event data recorders of any and all kind for the tractor and trailer involved in the incident in question, at the time of the incident in question.

13.     Plaintiff has reason to believe that the Defendant, Mazhid N. Mamedov, himself, or the Defendant, NBM Transport, LLC, or their agents, servants or representatives of the Defendants have taken possession of this physical and material evidence which is extremely relevant to the issues in this matter.  Inspection of the vehicle has not occurred and has not been possible.  The Defendants' representatives have made it clear to the Plaintiff that Defendants intend to continue to drive the vehicle and operate

same in the normal course of business which continues to destroy or materially damage evidence. Plaintiff asks this Court and seeks a Temporary Restraining Order preventing the Defendants, their agents, servants and/or employees including his insurance representatives from altering, destroying, concealing, changing, modifying or in any manner manipulating of any such documents, data, information or evidence. Plaintiff and her representatives are investigating the facts and circumstances surrounding this motor vehicle accident and require preservation of the physical evidence in order to determine liability issues in this case and perform accident reconstruction and recreation activities for that purpose. If this Application for Temporary Restraining Order is not granted, harm is imminent because of the immediate potential for destruction or disposal of valuable evidence. Harm will result if this Temporary Restraining Order is not issued and is irreparable because the physical evidence in support of Plaintiff's claims will be lost, preventing successful prosecution of this case. Plaintiff has no adequate remedy at law because she does not have possession of the material, physical and relevant evidence and property involved in this incident and has no means to prevent the disposal, destruction or alteration of such evidence. There is insufficient time to serve notice on the Defendants and hold a hearing on this Application because Plaintiff fears that the evidence may be destroyed, disposed of or altered at any time without Plaintiff's knowledge or involvement.

      14. Therefore, Plaintiff asks this Court to grant this Temporary Restraining Order and set a hearing on the issuance of a Temporary Injunction and, after hearing, issue a Temporary Injunction against the Defendants preventing him from altering, disposing or otherwise destroying any of the referenced physical and material evidence in question.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law and that upon final hearing Plaintiff does have of, from and against Defendants, jointly and severally, for her damages in an amount in excess of the minimum jurisdictional limits of this Court, for pre-judgment and post-judgment interest, trial by jury, costs of court and for such other and further relief, general and special, in law and in equity, to which Plaintiff may show herself justly entitled.

Plaintiff also prays that this Court grant the Application for Temporary Restraining Order and set the case for hearing on Temporary Injunction and, after hearing, grant the Temporary Injunction.

>Respectfully submitted,
>LAW OFFICE OF GENE S. HAGOOD
>1520 E. Highway 6
>Alvin, Texas 77511
>(281)331-5757
>Fax: (281)331-1105
>Email: firm@h-nlaw.com
>
>
>BY:      /s/ Gene S. Hagood
>        GENE S. HAGOOD
>        SBOT # 08698400
>        JESSIE J. ORMAND
>        SBN 24098209
>        H. EMERSON GROGRO
>        SBN 24087634
>        Attorneys for Plaintiff